No. 29,704.

VIRGIL B. STRANGE, *Appellant,* v. SCHOOL DISTRICT No. 97, *Appellee.*

(295 Pac. 672.)

Opinion filed February 7, 1931.

*W. T. Roche,* of Clay Center, for the appellant.
*C. Vincent Jones,* of Clay Center, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The action was against a school district to collect damages for the breach of a contract to employ plaintiff to teach school. A demurrer to the evidence of plaintiff was sustained. He appeals.

The facts are that Virgil B. Strange had taken some work at the Kansas State Teachers College of Emporia some time prior to the fall of 1927. When he finished his work there that spring he thought he was entitled to a three-year certificate entitling him to teach for three years in the schools of the state. He wrote a letter in May,

1927, to the board of school district number 97 at Green, Kan., making application for a position on the faculty of that school. He stated therein that he was the holder of a three-year certificate. On the first day of September, 1927, appellant and appellee entered into a written contract whereby appellant agreed to teach in the school of appellee for the term beginning September 5 of that year, and appellee agreed to pay him $120 a month therefor. The contract recited that Strange was the holder of a three-year certificate. At this time Strange knew that that recitation did not state the fact.

When the fifth of September came Strange presented himself to start teaching school under his contract. The superintendent of schools was informed on a visit to Emporia that Strange, according to the records there, did not have a certificate and was not entitled to one. The superintendent refused to permit plaintiff to start teaching. He went away and stayed for the balance of that week.

On the 11th day of September the board had a meeting and advised plaintiff that if he would have a certificate there in two days they would permit him to go ahead and teach. Appellant then called at the college and asked them to mail his certificate to the office of the state superintendent of public instruction at Topeka for registration. This was done and he went there and obtained it. He returned to Green and the board told him that they had made other arrangements and would not need him. He thereupon sued the board of education for what his salary would amount to for nine months at $120 a month, or $1,080.

The evidence was that there had been a misunderstanding at the college as to the grades of appellant. This was corrected by report from one of his instructors. The report should have been made in time so as to entitle him to certificate on January 18, 1927, but was not made until some time after September 5, 1927, when the attention of the authorities of the college was called to the matter by the appellant. The certificate was then issued to him in September, but was dated January 18, 1927. The petition alleged, among other things:

"That plaintiff is the holder of a three-year state teacher's certificate, No. 3366, dated January 18, 1927, issued by the Kansas State Teachers College of Emporia, Kan., which, under the laws of the state of Kansas, is a legal certificate, enabling this plaintiff to teach in the schools of the state of Kansas for a period of three years."

At the conclusion of his evidence, which disclosed the facts as

they have been detailed herein, he asked permission to amend by making that paragraph read as follows:

"That plaintiff at the time of entering into the contract sued on herein was a qualified teacher, having completed the teacher's course in the Kansas State Teachers College of Emporia, and entitled to a three-year teacher's certificate and that he had been qualified since January 18, 1927, enabling this plaintiff to teach in the schools in the state of Kansas for a period of three years from January 18, 1927."

Permission to make this amendment was refused by the trial court. Appellee then demurred to the evidence of appellant. This demurrer was sustained. He appealed and relies on these two rulings as error.

The section of the statutes under which school boards such as the one at Green hire teachers is R. S. 72-1026. It provides:

"The district board in each district shall contract with and hire qualified teachers for and in the name of the district, which contract shall be in writing, and shall specify the wages per week or month as agreed upon by the parties, and such contract shall be filed in the district clerk's office; and, in conjunction with the county superintendent, may dismiss for incompetency, cruelty, negligence, or immorality."

Appellant argues that the provision of the above section, which permits district boards to hire "qualified teachers," means that the only criterion provided for is the learning possessed by the applicants, and the word "qualified" does not mean to be in possession of a certificate. From this he reasons that since, under the statute, it was not necessary for one to be in possession of any certain certificate to be qualified, and since he possessed the requisite learning, as is evidenced by the fact that he later secured a certificate based on school work he had done prior to that time, the school district had a right to make a contract with him, even though he did not possess a certificate, and since they had a right to make a contract the contract they did make was binding upon them. He makes the argument that the courts in many other states hold that where a teacher has the necessary qualifications and does not secure a certificate until after the contract is made, but before he starts to teach, the contract is valid. The trouble with applying that argument to the case at bar is this: Suppose it should be held that the applicant for a school was not required to obtain a certificate. In this particular case the school board relied upon the fact that he said he possessed a certificate as evidence that he did have the edu-

cational qualifications before entering into the contract. That is the only way they could tell, as a matter of fact. They did not possess the means nor the time nor the education to examine applicant as to his learning. They were not equipped for it. But they had a right to presume that the person who held a three-year certificate was qualified to teach their school. In that case the certificate is merely the evidence of the educational qualifications of appellant, and is intended as much for the protection and guidance of the people charged with the duty of hiring school teachers as it is for the benefit of the holder of the certificate. In the case at bar there are two different times when appellant deceived the school board on this fact—once when he wrote to them in the spring and said he was the holder of a three-year certificate, and the next time when he came there in the fall and signed his contract, which contained that statement. This was not true, and appellant must have known it was not true at both times. If he had said in the spring, "I am entitled to a certificate and will have it when authorities get around to issuing it to me," and if he had said that fall, "I don't have a certificate yet, but I expect it at any time; I am entitled to it," he would have been in a little better position when it came to holding the school board to the contract; but he did not say that, and did not seem to appreciate the necessity for saying it in view of the fact that when he filed his petition in this case he still pleaded that he was the holder of a three-year certificate, and that was not true at all, and he must have known that his evidence would show that it was not true. It is unfortunate that plaintiff did not disclose until the day school was to open that he did not have his certificate. The evidence shows that this was not disclosed by him, but was discovered by the superintendent inadvertently. The people at Green had every right to expect that he would appear September 5 with his certificate in his pocket ready to be registered with the county superintendent as required by law. When he appeared he did not have this certificate, and inquiry from the state teachers college disclosed that he was not qualified for a certificate. What could they do? Their school was under way. Pupils were there ready to go to work. The course of study requires a certain amount of work for each day. As the situation was at that time, appellee was not compelled to assume that although appellant had deceived them twice as to the fact that he possessed a certificate, this time he was telling the truth and would appear with the certificate in a few days. Their

first duty is to the district and the students in the district, and that duty is to start them off when school begins with a complete staff of teachers, as is provided in the course of study. This they could not do because appellant was not qualified.

All these things appeared in the evidence presented by appellant in support of his petition and this evidence not only failed to show any ground entitling plaintiff to the relief prayed for in that petition, but had it been amended so as to conform with the proof that was offered, still the appellant would not have been entitled to judgment.

We conclude that the motion to permit an amendment to the petition was rightfully overruled and that the demurrer to evidence of appellant was rightfully sustained, and the decision is affirmed.